UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 09 2026
TAMMY H. DOWNS, CLERK
By: [signature] DEP CLERK

3:26-cv-00013-BSM

**RUBY SIMS,**
Plaintiff, Pro Se
v.
**MORGAN & MORGAN, P.A.,**
Defendant.
Case No.: ____________________

This case assigned to District Judge Miller
and to Magistrate Judge Harris

**COMPLAINT**

**I. JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Plaintiff Ruby Sims is a citizen and resident of Jonesboro, Craighead County, Arkansas.

3. Defendant Morgan & Morgan, P.A. is a Florida professional association with its principal place of business in Orlando, Florida, and conducts business nationwide, including within Arkansas.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events giving rise to the claims occurred here.

**II. PARTIES**

5. Plaintiff Ruby Sims is an individual consumer who retained Defendant to provide legal representation in connection with injuries arising from the use of a recalled Philips CPAP device.

6. Defendant Morgan & Morgan, P.A. is a national law firm that holds itself out as providing legal representation to consumers in mass tort matters.

**III. FACTUAL ALLEGATIONS**

7. On or about December 17, 2021, Plaintiff executed an Authority to Represent Agreement with Defendant through DocuSign.

8. Defendant accepted the agreement and undertook legal representation of Plaintiff.

9. Beginning in early 2022, Defendant sent Plaintiff written correspondence referencing court orders and court-mandated preservation requirements, instructing Plaintiff to take actions purportedly required by a court.

10. Based on these representations, Plaintiff reasonably believed that Defendant had an active court case on her behalf.

11. Despite accepting representation, Defendant failed to provide Plaintiff with meaningful attorney communication and failed to keep Plaintiff informed of material developments in her case.

12. Beginning in September 2025, Plaintiff made written demands requesting attorney review, direct attorney communication, and case updates after having had no substantive contact with an attorney since the representation began.

13. Defendant failed to provide the requested attorney communication or substantive responses.

14. In or around October 2025, Plaintiff terminated Defendant's representation and revoked any authority for Defendant to act on her behalf.

15. In the same correspondence, Plaintiff demanded her complete client file, including all documents, records, correspondence, and materials related to her claim.

16. Defendant failed and refused to provide Plaintiff's client file following termination.

17. In or around November 2025, after receiving no response to her repeated demands, Plaintiff escalated her concerns to Defendant's corporate headquarters and requested an internal investigation.

18. Plaintiff was subsequently informed that Defendant claimed no case had ever been opened on her behalf, despite Defendant's prior acceptance of representation and continued refusal to release Plaintiff's client file.

19. Defendant exercised control over Plaintiff's claim through required submission of information via a proprietary settlement portal, restricted the information Plaintiff could submit, and failed to allow disclosure of certain medical conditions and damages.

20. Defendant's continued refusal to release Plaintiff's client file has caused Plaintiff ongoing and immediate harm, including the inability to retain replacement counsel and protect her legal rights.

21. As a result of Defendant's conduct, Plaintiff is seeking immediate injunctive relief through a separately filed motion for temporary restraining order.

**IV. CLAIMS FOR RELIEF**

**COUNT I – Breach of Contract**

22. Plaintiff realleges paragraphs 1 through 21.

23. Defendant breached the representation agreement by failing to provide competent legal services, failing to communicate material information, abandoning representation, and refusing to return Plaintiff's client file upon termination.

**COUNT II – Negligence / Negligent Undertaking**

24. Plaintiff realleges paragraphs 1 through 21.

25. Defendant undertook to provide legal services to Plaintiff and breached its duty of reasonable care, resulting in damages.

**COUNT III – Legal Malpractice (Limited Pleading)**

26. Plaintiff realleges paragraphs 1 through 21.

27. Defendant breached professional duties owed to Plaintiff, causing harm.

**COUNT IV – Fraud by Omission / Misrepresentation**

28. Plaintiff realleges paragraphs 1 through 21.

29. Defendant failed to disclose material facts regarding Plaintiff's case status and representation and communicated in a manner that reasonably conveyed the existence of court proceedings when no such case had been opened.

**COUNT V – Deceptive Trade Practices**

30. Plaintiff realleges paragraphs 1 through 21.

31. Defendant engaged in deceptive practices by holding itself out as providing legal representation while failing to do so and by withholding Plaintiff's client file.

**V. DAMAGES**

32. Plaintiff seeks compensatory damages, consequential damages, emotional distress damages, costs, injunctive relief, and all other relief the Court deems just and proper.

**VI. JURY DEMAND**

33. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Ruby Sims

Ruby Sims, Pro Se

4013 Willow Point Drive

Jonesboro, Arkansas 72405

Telephone: 870-243-5987

Email: misluv2sing@yahoo.com

**CERTIFICATE OF SERVICE**
**(IFP / SERVICE PENDING)**

I hereby certify that service of the foregoing Emergency Motion for Temporary Restraining Order, Memorandum in Support, Affidavits, and Exhibits has not yet been made upon Defendant Morgan & Morgan, P.A., because Plaintiff is contemporaneously filing an Application to Proceed In Forma Pauperis and awaits the Court's determination and direction regarding service pursuant to 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 4(c)(3).

Plaintiff will promptly effect service in accordance with the Court's instructions upon entry of an order granting in forma pauperis status and authorizing service by the United States Marshal.

Date: 1-9-26

Respectfully submitted,

Ruby Sims

Ruby Sims
Plaintiff, Pro Se