IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 20 2026
TAMMY H. DOWNS, CLERK
By: [signature]
DEP CLERK

RUBY SIMS,

Plaintiff, Pro Se

v. Case No. 3:26-cv-00013-BSM

MORGAN & MORGAN, P.A.,

Defendant

# **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S

MOTION TO STAY AND COMPEL ARBITRATION**

## I. INTRODUCTION

Plaintiff Ruby Sims respectfully submits this Response in Opposition to Defendant Morgan & Morgan, P.A.'s Motion to Stay and Compel Arbitration.

Defendant seeks to enforce an arbitration provision contained within an agreement that it materially breached through abandonment of representation, failure to communicate, and refusal to return Plaintiff's client file.

While the Federal Arbitration Act ("FAA") favors arbitration, arbitration remains a matter of contract and is enforceable only where a valid and enforceable agreement exists. AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011).

Defendant's motion does not address the substance of Plaintiff's claims or Defendant's conduct. Instead, it attempts to avoid judicial scrutiny by relying on an arbitration clause in an agreement that Defendant itself failed to honor.

Because Defendant materially breached the agreement, waived any right to arbitration, and continues to engage in conduct prejudicial to Plaintiff, the motion should be denied.

# II. RELEVANT FACTS

Plaintiff incorporates by reference the allegations set forth in her Complaint.

Plaintiff executed an Authority to Represent Agreement with Defendant on or about December 17, 2021. Defendant accepted representation and undertook to provide legal services on Plaintiff's behalf.

Following execution of the agreement, Defendant engaged in communications and conduct that reasonably led Plaintiff to believe her case was being actively handled, including correspondence referencing legal requirements and case-related matters.

Despite accepting representation, Defendant failed to provide meaningful attorney involvement, failed to communicate material information, and failed to keep Plaintiff informed of the status of her case.

In 2025, after extended periods of silence, Plaintiff made written requests seeking attorney communication, status updates, and access to her case information. Defendant failed to provide substantive responses.

Plaintiff subsequently terminated Defendant's representation and demanded return of her client file. Defendant refused and continues to withhold the file.

Defendant later asserted that no case had been opened on Plaintiff's behalf, despite prior conduct indicating otherwise.

Defendant's continued withholding of Plaintiff's file has caused ongoing harm, including impairing Plaintiff's ability to retain replacement counsel and fully evaluate her legal claims.

# III. ARGUMENT

## A. Arbitration Applies Only Where a Valid and Enforceable Agreement Exists

Under the Federal Arbitration Act, arbitration is a matter of contract, and courts must determine whether a valid agreement to arbitrate exists before compelling arbitration. Granite Rock Co. v. Int'l Bhd. of Teamsters, 561 U.S. 287, 299 (2010).

The party seeking to compel arbitration bears the burden of establishing the existence of a valid and enforceable agreement. Shockley v. PrimeLending, 929 F.3d 1012, 1017 (8th Cir. 2019).

State contract law governs whether such an agreement is enforceable. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

Accordingly, this Court—not an arbitrator—must determine whether a valid and enforceable agreement exists.

## B. Defendant Materially Breached the Agreement and Cannot Enforce Its Arbitration Provision

Defendant accepted representation of Plaintiff but failed to perform its fundamental obligations under the agreement.

As alleged in the Complaint, Defendant:

- Failed to provide legal services
- Failed to communicate material information
- Failed to involve an attorney
- Abandoned representation
- Refused to return Plaintiff's client file

These failures constitute a material breach.

Under Arkansas law, a material breach by one party excuses performance by the other and prevents the breaching party from enforcing the contract. Spann v. Lovett & Co., Ltd., 2012 Ark. App. 107.

A breach is material when it goes to the essence of the contract and defeats the purpose of the agreement.

Here, Defendant's abandonment of representation and failure to perform legal services strike at the very core of the agreement. Because Defendant materially breached the contract, it cannot now enforce the arbitration provision contained within it.

## C. Defendant's Continued Withholding of Plaintiff's Client File Demonstrates Ongoing Breach and Prejudice

Defendant's conduct is ongoing.

Despite termination of representation in 2025, Defendant continues to withhold Plaintiff's client file. This conduct has caused continuing harm, including impairing Plaintiff's ability to retain replacement counsel and evaluate her claims.

Defendant cannot invoke arbitration while simultaneously withholding the very materials necessary for Plaintiff to assess and pursue her claims.

This ongoing conduct underscores both the materiality of Defendant's breach and the inequity of enforcing arbitration under these circumstances.

## D. Defendant Waived Any Right to Arbitration Through Delay and Inconsistent Conduct

A party waives its right to arbitration when it acts inconsistently with that right and prejudices the opposing party. Messina v. North Cent. Distrib., Inc., 821 F.3d 1047, 1050 (8th Cir. 2016).

Defendant accepted representation in 2021 and engaged in conduct suggesting Plaintiff's case was being handled. Defendant then failed to act, failed to communicate, and failed to clarify its position for years.

Only after Plaintiff filed this action did Defendant attempt to invoke arbitration.

This delay and inconsistent conduct are incompatible with a timely assertion of arbitration rights and support a finding of waiver.

## E. Defendant's Motion Avoids the Merits and Seeks to Evade Judicial Review

Defendant does not dispute Plaintiff's allegations of abandonment, failure to communicate, or refusal to return her client file.

Instead, Defendant relies solely on an arbitration clause in an agreement it materially breached.

This omission is telling. Rather than defend its conduct, Defendant seeks to avoid judicial review of that conduct.

The Court should not permit Defendant to use an arbitration provision as a shield against accountability for its own actions.

# IV. CONCLUSION

Defendant has failed to establish the existence of a valid and enforceable agreement to arbitrate. Defendant materially breached the agreement, continues to engage in prejudicial conduct, and waived any right to arbitration through delay and inconsistent conduct.

For these reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Stay and Compel Arbitration and allow this matter to proceed in federal court.

Respectfully submitted,

Ruby Sims 3-20-26

Ruby Sims, Pro Se

4013 Willow Point Drive

Jonesboro, Arkansas 72405

Telephone: 870-243-5987

Email: misluv2sing@yahoo.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2026, I served a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Stay and Compel Arbitration upon counsel for Defendant via electronic mail and U.S. Mail, postage prepaid, at the following:

J. Houston M. Downes

Quattlebaum, Grooms & Tull PLLC

111 Center Street, Suite 1900

Little Rock, Arkansas 72201

Email: hdownes@qgtlaw.com

/s/ Ruby Sims

Ruby Sims, Pro Se