**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**RUBY SIMS** **PLAINTIFF**

**v.** **CASE NO. 3:26-CV-00013-BSM**

**MORGAN & MORGAN, PA** **DEFENDANT**

# ORDER

Morgan & Morgan's motion to compel arbitration [Doc. No. 17] is granted, and this case is stayed pending the completion of arbitration. The parties are directed to file regular status updates, the first of which is due in 180 days.

## I. BACKGROUND

Ruby Sims sought legal representation from Morgan & Morgan regarding a claim related to injuries she alleges were sustained from using a Phillips CPAP device. Sims claims that Morgan & Morgan agreed to represent her and then failed to meaningfully pursue her case or hand over her client file upon request. She is now suing Morgan & Morgan for (1) breach of contract; (2) negligence, (3) legal malpractice, (4) fraud by omission, and (5) deceptive trade practices. Morgan & Morgan moves to compel arbitration.

## II. DISCUSSION

The Federal Arbitration Act provides that arbitration provisions in contracts involving interstate commerce "shall be valid, irrevocable, and enforceable," unless there are legal or equitable grounds to revoke such contracts. 9 U.S.C. § 2. When a controversy falls within the scope of a valid arbitration agreement, courts must stay litigation and compel arbitration.

9 U.S.C. § 3; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004). The analysis involves two steps: (1) a decision on whether a valid arbitration agreement exists, and if so, (2) a decision on whether the dispute falls within that agreement. *Granite Rock Co. v. Int'l Brotherhood of Teamsters*, 561 U.S. 287, 299 (2010); *Nebraska Machinery Co. v. Cargotec Solutions, LLC*, 762 F.3d 737, 740–41 (8th Cir. 2014). On motions to compel arbitration, the record is viewed in the light most favorable to the nonmovant. *Duncan v. Int'l Markets Live, Inc.*, 20 F.4th 400, 403 (8th Cir. 2021).

A. Valid Arbitration Agreement

State contract law determines whether an arbitration agreement is valid. *Faber*, 367 F.3d at 1052. Under Arkansas law, essential contract elements include (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Hot Spring Cty. Med. Ctr. v. Ark. Radiology Affiliates, P.A.*, 103 Ark. App. 252, 255 (2008). The arbitration agreement is valid because all of the elements are met; it is undisputed that the parties are competent and that Sims agreed to retain legal representation from Morgan & Morgan in exchange for a contigency fee, and that Sims agreed to resolve all disputes arising from that representation, other than certain ethical grievances, through arbitration.

Sims's argument that Morgan & Morgan waived its right to arbitrate is not convincing because Morgan & Morgan requested arbitration immediately after filing its answer to Sims's complaint and has not otherwise acted inconsistently with its intent to arbitrate. *See Lackie Drug Store Inc. v. OptumRx, Inc.*, 143 F.4th 985, 993 (8th Cir. 2025) (right waived

if party knew of right and acted inconsistently with it); *Southeastern Stud & Components, Inc v. American Eagle Design Build Studios, LLC*, 588 F.3d 963, 968 (8th Cir. 2009) (party acts inconsistently by "substantially invok[ing] the litigation machinery" before asserting right to arbitrate).

Sims also claims the arbitration clause is unenforceable because Morgan & Morgan materially breached the contract by not returning her client file or adequately representing her. This argument is not persuasive either because Sims merely points to the basis of her underlying claims without showing the arbitration clause itself was breached. *See In re CenturyLink Sales Practices and Securities Litigation*, No. 17-2795–MJD-KMM, 2020 WL 7129889, at * 6–7 (D. Minn. Dec. 4, 2020) (discussing *Hooters of Am v. Phillips*, 173 F.3d 933, 939–40 (4th Cir. 1999)) (arbitration agreements are materially breached when their fundamental purpose is thwarted, such as by conduct that defeats the efficiency and fairness of arbitration or appears designed to prevent fair resolution of disputes on the merits); *Roach v. BM Motoring, LLC,* 155 A.3d 985, 995 (N.J. 2017) ("[W]e hold that defendants' knowing refusal to cooperate with plaintiffs' arbitration demands . . . bars the breaching party from later compelling arbitration."); *Meeker v. Rockwell Collins, Inc.*, No. 08-CV-59-LRR, 2008 WL 11509537, at *5 (N.D. Iowa Sept. 26, 2008) (arbitration agreement still binding because defendant did not materially breach it).

B. <u>Controversy within Scope</u>

The agreement requires arbitration of, "without limitation, disputes regarding attorneys' fees or costs, and those alleging negligence, malpractice, breach of fiduciary duty,

fraud or any claim based upon a statute." Authority to Represent, Ex. 1, Doc. No. 17. The only exception mentioned is "ethical grievance[s] against Morgan & Morgan as permitted by applicable law." *Id.* Sims does not address the agreement's scope, and while the meaning of "certain ethical grievances" not requiring arbitration is ambiguous, doubts regarding an arbitration agreement's scope must be resolved in favor of arbitration. *Moses H Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–5 (1983); *MedCam, Inc. v. MCNC*, 414 F.3d 972, 975 (8th Cir. 2005) (scope of arbitration agreement given liberal interpretation, with all doubts resolved in favor of arbitration). Her allegations are therefore covered.

## III. CONCLUSION

For these reasons, Morgan & Morgan's motion to compel arbitration is granted, and the parties are directed to file regular status updates, the first of which is due in 180 days.

IT IS SO ORDERED this 25th day of March, 2026.

UNITED STATES DISTRICT JUDGE